## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD MILKOWSKI, as Executor of the Estate of Tadeusz. Milkowski, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br><br>-against-<br><br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: 2:22-CV-01334 SDW-JBC<br><br>**CIVIL ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, BERNARD MILKOWSKI, as Executor of the Estate of Tadeusz. Milkowski, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants; HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG"); and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.     Plaintiff is a natural person, and Executor of the Estate of Tadeusz. Milkowski, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.     HRRG is a foreign limited liability company with offices located at 1643 N. Harrison Parkway, Building "H", Suite 100, Sunrise, Florida, 33323.

8.     Upon information and belief, HRRG uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.     HRRG is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey

consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from HHRG concerning a debt owed to another, which included the alleged conduct and practices described herein.

   The class definition may be subsequently modified or refined.

   The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.      Whether the Defendants violated various provisions of the FDCPA.

    b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     Prior to October 19, 2021, Tadeuz Milkowski passed away.

16.     Plaintiff is the executor of the Estate of Tadeuz Milkowski.

17.     On or about April 5, 2021 April 6, 2021, Tadeuz Milkowski, incurred a financial obligation to HOSPIST PHYS OF NEW JERSEY ("HPNJ").

18.     On or before October 19, 2021, HPNJ hired HRRG to collect the balance due.

19.     HRRG is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

20.     At the time HPNJ hired HRRG to collect the HPNJ obligation, said obligation was in default.

21.     The HPNJ obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22.     The HPNJ obligation did not arise out of a transaction that was for business purposes.

23.     The HPNJ obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     HPNJ is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     HRRG caused to be delivered a letter dated October 19, 2021, attempting to collect the HPNJ obligation. A copy of said letter annexed hereto as Exhibit A.

26.     The October 19, 2021 letter was addressed to: Estate of T. Milkowski.

27.     Plaintiff read the October 19, 2021 letter.

28.     The October 19, 2021 letter stated in part:

> ESTATE OF T. MILKOWSKI
> xxxxxxxxx
> xxxxxxxxx, NJ xxxxx
>
>                    Re: XXXXXXXX Validation Notification
>                    hrrgcollections.com
>                    PIN# xxxxx
>
> Dear Estate Of T Milkowski:
>
> The Healthcare Creditor(s) shown below hired Healthcare
> Revenue Recovery Group (HRRG) to collect the balance due.
> To pay, just fill in your credit card information on the reverse
> side of this notice, or enclose your check/money order payable
> to the creditor…

29.     The October 19, 2021 letter further stated in part:

> This communication is from Healthcare Revenue Recovery Group,
> LLC, a debt collector. This is an attempt to collect a debt and any
> information obtained will be used for that purpose.

30.     At the time HRRG mailed the October 19, 2021 letter to the Estate of T. Milkowski, it did not know who would open the letter.

31.    At the time HRRG mailed the October 19, 2021 letter to the Estate of T. Milkowski, it did not know who would read the letter.

32.    The October 19, 2021 letter does not request that the person who is responsible for paying the outstanding bills from the decedent's estate contact HRRG.

33.    Prior to mailing the October 19, 2021 letter, HRRG did not contact the Union County Surrogate's office to inquire as to whether an estate was opened on behalf T. Milkowski.

34.    Prior to mailing the October 19, 2021 letter, HRRG did not contact the Union County Surrogate's office to inquire as to whether Letters Testamentary or Letters of Administration were issued as to the Estate of T. Milkowski.

35.    The October 19, 2021 letter does not inform the reader that she or he will not be personally liable to pay the debt.

36.    The October 19, 2021 letter does not inform the reader that HHRG is seeking payment form the estate's assets.

37.    The October 19, 2021 letter does not inform the reader that the "your credit card" and "your check/money order" that is referenced in the sentence in the first paragraph, is not the reader's credit card, check, or money order.

38.    The October 19, 2021 letter does not inform the reader that he or she could not be required to use his or her individual's assets to pay the decedent's debt

## POLICIES AND PRACTICES COMPLAINED OF

39.    It is HRRG'S policy and practice to send initial written collection communications, in the form annexed hereto as Exhibit A, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(b)    Communicating with the third parties concern a debt owed to another.

40.     On information and belief, HRRG sent written communications in the form annexed hereto as <u>Exhibit A</u>, to at least 40 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

41.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42.     Collection letters and/or notices, such as those sent by HRRG, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43.     15 U.S.C. §1692c(b) provides:

<u>Communication With Third Parties</u>

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, of the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debtor collector.

44.     15 U.S.C. §1692c(b) provides:

<u>"Consumer" Defined</u>

For the purpose of this section, the term "consumer" includes the consumer's spouse parent (if the consumer is a minor), guardian, executor, or administration.

45.     The October 19, 2021 letter from HRRG is addressed to: ESTATE OF T. MILKOWSKI.

46.     HRRG violated 15 U.S.C. §1692c(b), by sending the October 19, 2021 letter addressed to: ESTATE OF T. MILKOWSKI, without addressing the letter to the attention of the Executor.

47.     HRRG violated 15 U.S.C. §1692 c(b), by sending the October 19, 2021 letter addressed to: ESTATE OF T. MILKOWSKI, rather than addressing the letter to the Executor, because any person with or without an interest in the estate of T. Milkowski, could read the letter, as it is not addressed to the Executor.

48.     HRRG violated 15 U.S.C. §1692c(b), by sending a letter addressed to: ESTATE OF T. MILKOWSKI, subject to being read by any person with or without an interest in the estate of T. Milkowski, and disclosing the amount of the debt owed.

49.     HRRG violated 15 U.S.C. §1692c(b) by sending a letter addressed to: ESTATE T. MILKOWSKI, disclosing that it is a debt collector.

50.     15 U.S.C. § 1692e provides that a debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt.

51.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive and misleading representations and means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

52.     Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

53.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

54.     HRRG violated 15 U.S.C. §1692e(10) by falsely representing that the reader of the October 21, 2021 letter was obligated to pay the debt.

55.    HRRG violated 15 U.S.C. §1692e(10) by falsely representing that the reader should use his/her individual credit card and/or check to pay the debt.

56.    Plaintiff and others similarly situated, suffered an informational injury as a result of HRRG'S violation of 15 U.S.C §1692e(10).

57.    Plaintiff and others similarly situated, suffered a risk of economic injury as a result of HRRG'S violation of 15 U.S.C. §1692e(10).

58.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

59.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

60.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

61.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

62.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

63.    Plaintiff has suffered damages and other harm as a direct result of HRRG'S actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against HRRG as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)      Awarding Plaintiff and the Class actual damages;

(d)      Awarding pre-judgment interest;

(e)      Awarding post-judgment interest.

(f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees

and expenses; and

(g)      Awarding Plaintiff and the Class such other and further relief as the Court

may deem just and proper.


Dated: April 6, 2022


                              s/ Joseph K. Jones
                              Joseph K. Jones, Esq. (JJ5509)
                              JONES, WOLF & KAPASI, LLC
                              375 Passaic Avenue, Suite 100
                              Fairfield, New Jersey 07004
                              (973) 227-5900 telephone
                              (973) 244-0019 facsimile
                              jkj@legaljones.com


**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

                              s/ Joseph K. Jones
                              Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 6, 2022

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.

# Exhibit

# A

## HRRG

Page 1 of 1

MAIL RETURN ONLY
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

**800-984-9115**

en Español 800-398-3975

October 19, 2021

Office Hours:
Monday through Friday
8:00AM to 11:00PM EST/EDT



HRRG ▲ 0 1 4 9 8 0  B6|||||||||||||||||||||||||||||||
ESTATE OF T MILKOWSKI

Re: ▬▬▬▬  Validation Notification
hrrgcollections.com
PIN# ▬▬▬▬▬▬▬

Dear Estate Of T Milkowski:

The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below using the postage paid envelope. To pay using our automated IVR accessible 24 hours a day, call 855-pay-hrrg (855-729-4774) or visit our website at www.hrrgcollections.com. Both options require the PIN # listed above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from Healthcare Revenue Recovery Group, LLC; a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂                                          ✂

| Reference #: ▬▬▬ | Total Balance: $969.00 | Amount Enclosed $_____ | | |
|---|---|---|---|---|
| **Creditor** | **Account #** | **Regarding** | **Amt Owed** | **ServDate** |
| HOSPIST PHYS OF NEW JERSE | | MILKOWSKI,TADEUSZ | 711.00 | 04/05/21 |
| HOSPIST PHYS OF NEW JERSE | ▬▬▬▬▬ | MILKOWSKI,TADEUSZ | 258.00 | 04/06/21 |

|||||||||||||||||||||||||||||||||||
PO BOX 5406
CINCINNATI OH 45273-7942

H1

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard, VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

## INSURANCE INFORMATION

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

**CREDIT CARD PAYMENT**

Please Check Appropriate Box

CARD NUMBER

EXP DATE                    PAYMENT AMOUNT

SIGNATURE                   PHONE NUMBER

NAME AS IT APPEARS ON CARD - PLEASE PRINT