B&N# 15138.20AS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (Newark)

| | |
|---|---|
| BERNARD MILKOWSKI as Executor of the Estate of Tadeuz Milkowski, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC<br><br>Defendant | 2:22-cv-01334 (SDW) (JBC)<br><br>ANSWER, AFFIRMATIVE DEFENSES and CERTIFICATE OF SERVICE TO THE AMENDED COMPLAINT |

**Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG")** by way of answer to Plaintiff's complaint (the "Complaint") says:

## PRELIMINARY STATEMENT

1. Defendant admits that this complaint was brought as a putative class action for statutory damages and declaratory relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). All other factual allegations contained within this paragraph are denied. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

## JURISDICTION AND VENUE

2. HRRG neither admits nor denies this paragraph which contains legal arguments and calls for determinations of law and refers all questions of law to the Court.

3. HRRG neither admits nor denies this paragraph which contains legal arguments and calls for determinations of law and refers all questions of law to the Court.

## DEFINITIONS

4. HRRG neither admits nor denies this paragraph which contains legal arguments and calls for determinations of law and refers all questions of law to the Court.

## PARTIES

5. HRRG neither admits or denies this paragraph which contains no factual allegations and consists solely of inappropriate general legal argument and characterizations as to the meaning of certain federal statutes. HRRG refers all questions of law to the Court to be argued and decided at the appropriate time.

6. HRRG neither admits nor denies this paragraph which makes allegations regarding Plaintiff's status as a debtor and leaves plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

7. Admitted

8 HRRG admits that it regularly attempts to resolve outstanding accounts; otherwise, denied.

9. HRRG admits that it regularly attempts to resolve outstanding accounts. HRRG lacks knowledge or information sufficient to form a belief regarding whether those debts were incurred primarily for personal, family or household purposes and therefore denies this allegation.

10. HRRG neither admits nor denies this paragraph which contains allegations which are so vague, ambiguous, capable of different meanings and understandings and lacking in sufficient detail that making any response thereto would be potentially misleading and thus prejudicial and therefore said allegations are deemed denied.

## **CLASS ACTION ALLEGATIONS**

11. Admitted in part and denied in part. HRRG admits that Plaintiff is attempting to assert class claims in accordance with Fed. R. Civ. P. 23 on behalf of a class. HRRG denies that Plaintiff can assert a viable individual claim, let alone a class claim against HRRG and leaves Plaintiff to his burden of proof.

12. HRRG admits that Plaintiff is seeking to certify a class as defined but denies that class certification is appropriate. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

13. HRRG admits that Plaintiff is seeking to certify a class as defined but deny that class certification is appropriate. HRRG denies that there are common questions of law or fact that predominate over questions affecting individual class members, to the extent such members exist or to the extent that Plaintiff is able to assert a viable claim against HRRG. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

## **STATEMENT OF FACTS**

14. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

15. HRRG lacks sufficient knowledge, information or belief as to the truth or falsity of these allegations and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refer all questions of law to the Court.

16. HRRG lack sufficient knowledge, information or belief as to the truth or falsity of these allegations and leaves Plaintiff to his proofs.

17. HRRG admits the factual allegations contained within this paragraph.

18. HRRG admits that the entity that provided medical services referred an unpaid obligation to HRRG to attempt to resolve the outstanding balance; otherwise, denied.

19. HRRG neither admits nor denies this paragraph which makes allegations regarding Plaintiff's status as a debtor and leaves plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

20. HRRG admits that the unpaid medical services obligation was referred to HRRG to attempt to resolve the outstanding balance; otherwise, denied.

21. HRRG neither admits nor denies this paragraph which makes allegations regarding the debt at issue and leaves plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

22. HRRG neither admits nor denies this paragraph which makes allegations regarding the debt at issue and leaves plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

23. HRRG neither admits nor denies this paragraph which makes allegations regarding the debt at issue and leaves plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

24. HRRG neither admits nor denies this paragraph which makes allegations regarding the debt at issue and the status of an unnamed third party and leaves plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

25. HRRG admits it sent a letter dated October 19, 2021, and a redacted form of the letter is attached to the complaint as Exhibit "A." Otherwise, denied.

26. HRRG admits it sent a letter dated October 19, 2021, and a redacted form of the letter is attached to the complaint as Exhibit "A." Otherwise, denied.

27. HRRG lack sufficient knowledge, information or belief as to the truth or falsity of these allegations and therefore deny these allegations.

28. HRRG admits it sent a letter dated October 19, 2021. All other allegations are denied. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time.

29. HRRG admits it sent a letter dated October 19, 2021. All other allegations are denied. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time.

30. HRRG neither admits or denies this paragraph which contains allegations which are so vague, ambiguous, capable of different meanings and understandings and lacking in sufficient detail that making any response thereto would be potentially misleading and thus prejudicial and therefore said allegations are deemed denied.

31. HRRG neither admits or denies this paragraph which contains allegations which are so vague, ambiguous, capable of different meanings and understandings and lacking in

sufficient detail that making any response thereto would be potentially misleading and thus prejudicial and therefore said allegations are deemed denied.

32. HRRG admits it sent a letter dated October 19, 2021. All other allegations are denied. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time.

33. HRRG neither admits or denies this paragraph which contains allegations which are so vague, ambiguous, capable of different meanings and understandings and lacking in sufficient detail that making any response thereto would be potentially misleading and thus prejudicial and therefore said allegations are deemed denied.

34. HRRG neither admits or denies this paragraph which contains allegations which are so vague, ambiguous, capable of different meanings and understandings and lacking in sufficient detail that making any response thereto would be potentially misleading and thus prejudicial and therefore said allegations are deemed denied.

35. HRRG admits it sent a letter dated October 19, 2021. All other allegations are denied. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time.

36. HRRG admits it sent a letter dated October 19, 2021. All other allegations are denied. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time.

37. HRRG admits it sent a letter dated October 19, 2021. All other allegations are denied. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time.

38. HRRG admits it sent a letter dated October 19, 2021. All other allegations are denied. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time.

## POLICIES AND PRACTICES COMPLAINED OF

39. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

40. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 *et seq*. VIOLATIONS

41. HRRG repeats and incorporates by reference all responses made in the above paragraphs.

42. HRRG neither admits or denies this paragraph which contains allegations which are so vague, ambiguous, capable of different meanings and understandings and lacking in sufficient detail that making any response thereto would be potentially misleading and thus prejudicial and therefore said allegations are deemed denied.

43. HRRG neither admits or denies this paragraph which contains no factual allegations and consists solely of inappropriate general legal argument and characterizations as to the meaning of certain federal statutes. HRRG refers all questions of law to the Court to be argued and decided at the appropriate time.

44. HRRG neither admits or denies this paragraph which contains no factual allegations and consists solely of inappropriate general legal argument and characterizations as to

the meaning of certain federal statutes. HRRG refers all questions of law to the Court to be argued and decided at the appropriate time.

45. HRRG admits it sent a letter dated October 19, 2021. All other allegations are denied. As to the characterization of the correspondence the document speaks for itself and no further response will be made at this time.

46. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

47. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

48. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

49. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

50. HRRG neither admits nor denies this paragraph which contains no factual allegations and consists solely of inappropriate general legal argument and characterizations as to the meaning of certain federal statutes. HRRG refers all questions of law to the Court to be argued and decided at the appropriate time.

51.     HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

52.     HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

53.     HRRG neither admits nor denies this paragraph which contains no factual allegations and consists solely of inappropriate general legal argument and characterizations as to the meaning of certain federal statutes. HRRG refers all questions of law to the Court to be argued and decided at the appropriate time.

54.     HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

55.     HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

56.     HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

57.     HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

58. HRRG neither admits nor denies this paragraph which contains no factual allegations and consists solely of inappropriate general legal argument and characterizations as to the meaning of certain federal statutes. HRRG refers all questions of law to the Court to be argued and decided at the appropriate time.

59. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

60. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

61. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

62. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

63. HRRG denies the factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and HRRG refers all questions of law to the Court.

**WHEREFORE** HRRG prays for an order denying Plaintiff's request to certify the proposed class and against Plaintiff or his counsel to represent any class certified, and prays for judgment in HRRG's favor against Plaintiff(s) dismissing the Complaint in its entirety, and awarding

HRRG's costs and attorney's fees as allowed under the Fair Debt Collection Practices Act 15 U.S.C. §1692k (a)(3) or otherwise by statute or rule of court.

### SEPARATE AFFIRMATIVE DEFENSES

1. Plaintiff fails to state facts sufficient to constitute a claim under State or Federal Statutory Law.

2. Plaintiff fails to state facts sufficient to constitute a claim for which relief may be sought.

3. HRRG violated no duty owed to the Plaintiff.

4. HRRG reserves the right to amend this answering pleading following the receipt of discovery.

5. HRRG complied with all applicable statutes regarding the collection of the underlying obligation.

6. HRRG made no material misrepresentations to Plaintiff.

7. Plaintiff did not rely on any representations made by HRRG.

8. HRRG denies there were any injuries and damages sustained by Plaintiff resulting from any actions by HRRG.

9. In the event that Plaintiff is able to adequately plead a violation of the FDCPA, his individual entitlement to statutory damages is capped at $1,000 per action, not per violation. See Goodmann v. Peoples Bank, et al., 209 Fed. Appx. 111 (3d Cir. 2006).

10. HRRG asserts on information and belief that Plaintiff's claims were brought in bad faith and for the purposes of harassment and HRRG requests an award of attorney fees and costs pursuant to 15 U.S.C.A. §1962k(a)(3) and Sanctions pursuant to FRCP 11.

11. HRRG asserts on information and belief that Plaintiff's claims were brought

without any investigation of the facts alleged in the complaint prior to filing same and therefore Sanctions pursuant to FRCP 11 are appropriate.

12. The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action, fails to allege any claim that can be prosecuted as a class action, and otherwise fails to satisfy the requirements of class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

13. The Complaint and/or the claims of individual members of the putative class are barred because granting the relief sought would unjustly enrich Plaintiff and/or the individual members of the putative class.

14. Discovery will disclose that the individually named Plaintiff is not an adequate class representative.

15. Plaintiff's class action claims fail because his individual claims are not common to the putative classes' claims and would therefore fail the commonality requisite for class certification.

16. Plaintiff's class action claims fail because his individual claims are atypical of the putative classes' claims and would fail the typicality requisite for class certification.

17. Plaintiff's class action claims fail because they lack requisite numerosity.

18. Plaintiff's class action claims fail because class treatment is grossly inferior to individual treatment in this case.

19. Plaintiff and any potential class members lack Article III standing due to their lack of injury in fact.

Dated: April 27, 2022          *s/ Mitchell Williamson*
                               MITCHELL L. WILLIAMSON, Esq.
                               Barron & Newburger, P.C.
                               458 Elizabeth Ave - Suite 5371

>Somerset, N.J. 08873
>Phone: (732) 630-5970
>mwilliamson@bn-lawyers.com
>**Attorneys for Healthcare Revenue Recovery Group, LLC**

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to Local Rule 8.1, Healthcare Revenue Recovery Group, LLC demand that Plaintiff, within fourteen (14) days, furnish HRRG with a written statement detailing the amount of actual damages claimed as asserted in the prayer for relief, and the methodology in assessing such actual damages.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I, Mitchell L Williamson, the undersigned attorney of record for Healthcare Revenue Recovery Group, LLC do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  April 26, 2022               _____*s/Mitchell L. Williamson*__
                                     MITCHELL L. WILLIAMSON, Esq.
                                     Barron & Newburger, P.C.
                                     458 Elizabeth Ave - Suite 5371
                                     Somerset, New Jersey  08873
                                     (732) 630-5970
                                     mwilliamson@bn-lawyers.com
                                     **Attorneys for Healthcare Revenue Recovery Group, LLC**

## CERTIFICATE OF SERVICE

I, MITCHELL L. WILLIAMSON, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via Notice of Docket Activity generated by the Court's electronic filing system.

        **JOSEPH K. JONES**
        Jones, Wolf & Kapasi, LLC
        375 Passaic Avenue
        Suite 100
        Fairfield, NJ 07004
        (973) 227-5900
        Fax: 973-244-0019
        Email: jkj@legaljones.com

Dated:  April 26, 2022        _____*s/Mitchell L. Williamson*__
                                          MITCHELL L. WILLIAMSON, Esq.
                                          Barron & Newburger, P.C.
                                          458 Elizabeth Ave - Suite 5371
                                          Somerset, New Jersey  08873
                                          (732) 732-328-9480
                                          mwilliamson@bn-lawyers.com
                                          **Attorneys for Healthcare Revenue Recovery Group, LLC**